UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARA E. TINKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:11CV1286  TIA |
| ) | |
| ACUITY, A MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Bill of Costs (Doc. No. 99). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(b).

On March 6, 2013, a jury returned a verdict in favor of Defendant. This Court issued judgment for Defendant and against Plaintiff on March 11, 2013. Defendant then filed a Bill of Taxable Costs with evidence of said costs attached on March 27, 2013. Plaintiff objected to certain costs contained in the motion, including costs of Plaintiff's depositions, costs for certain copies, and costs for the service of subpoenas. Because Defendant did not submit the costs on the form required by the United States District Court for the Eastern District of Missouri, this Court ordered Defendant to re-file its bill of costs on form AO-0133. Defendant then properly filed its Bill of Costs on June 12, 2013, requesting costs in the amount of $3,659.66. Plaintiff renewed her objection on July 15, 2013.[1] Defendant has not filed a reply to either objection, and the time for doing so has expired.

---

[1] The undersigned notes that the second objection was filed out of time. However, the objections are nearly identical, and the Court presumes that Plaintiff may have been unsure whether to renew the objection or merely rest on her original pleading. In any event, the Court will also consider Plaintiff's most recent objection.

In its Bill of Costs, Defendant requests that costs be taxed for fees of the court reporter, fees for witnesses, copying costs, and other costs, consisting of the costs of serving subpoenas. In response, Plaintiff contends that the costs of Sara Tinker's examinations under oath are not recoverable because they were taken for the purpose of discovery and not necessarily obtained for use in the case; the request costs for copies of documents for carrier's review is vague and insufficient under 28 U.S.C. § 1920; and the subpoena costs are not recoverable because the subpoenas were served by a private special process server and not a U.S. Marshal. Thus, Plaintiff argues that $1,703.31 of Defendant's requested $3,659.66 is not taxable.

Defendant has not filed a response to Plaintiff's objection, despite two opportunities to do so. The Court thus finds that the amount requested in Defendant's Bill of Costs should be reduced by the amount proposed by the Plaintiff. Therefore, the undersigned will award costs to the Defendant in the amount of $1,956.35.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs (Doc. No. 99) is **GRANTED** in the amount of One Thousand Nine Hundred Fifty-six Dollars and Thirty-five Cents ( $1,956.35).

**IT IS FURTHER ORDERED** that Defendant's Bill of Costs (Doc. No. 95) is **DENIED** as **MOOT**.

      /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this    29th    day of  July , 2013.